**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3048
_____

PAUL PECINA,
                              Appellant

v.

ROBERT A. MCDONALD, SECRETARY, UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-15-cv-00264)
District Judge:  Honorable David S. Cercone
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 26, 2019
Before:  GREENAWAY, JR., RESTREPO and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 6, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Paul Pecina appeals the decision of the United States District Court for the Western District of Pennsylvania denying Pecina's post-settlement motion. We will affirm.

Because the parties are familiar with the background, we provide only a summary. In 2015, through counsel, Pecina brought suit against Appellee Robert A. McDonald, Secretary of the United States Department of Veterans Affairs, concerning an employment dispute. After participating in a mediation conference, the parties entered into a settlement agreement memorialized during proceedings held on May 27, 2016, and they executed a stipulation of dismissal with prejudice. On June 3, 2016, the District Court granted the stipulation and dismissed the case with prejudice. Pecina received a lump sum settlement payment shortly thereafter.

On July 22, 2016, Pecina filed a pro se motion to reopen the case. He alleged, among other things, that his attorney did not disclose certain information, failed to prepare him for the mediation conference, and intimidated him into accepting a settlement. Pecina also alleged that that the defendant provided incomplete discovery responses. On March 21, 2017, the District Court denied the motion, finding no basis to set aside the settlement and rejecting Pecina's fraudulent inducement argument.

More than eight months later, on November 27, 2017, Pecina filed his "Pro Se Motion To Declare Settlement Agreement Null and Void Upon Fraud On The Court," contending that officers of the court perpetrated fraud on the court that induced him into settling his case. Pecina stated that the opposing counsel made a "fraudulent presentation" of a "nonexistent affirmative defense of mixed-motive" at the mediation

2

conference, that the court mediator perpetuated the fraud in relaying this defense position, and that Pecina's counsel aided and abetted the fraud by failing to protect his interests. On August 9, 2018, the District Court denied the motion for the reasons set forth in its March 21, 2017 decision. This appeal followed.

We have jurisdiction under 28 U.S.C. § 1291.[1] We exercise plenary review of whether Pecina has made the requisite showing of intentional fraud to obtain relief, but we review the District Court's ultimate decision to deny equitable relief for abuse of discretion. Cf. In re Bressman, 874 F.3d 142, 148 (3d Cir. 2017) (on appeal from the district court of a bankruptcy court decision on a motion to reopen and vacate based on allegations of fraud). We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

A court may grant relief from a final judgment based on allegations that the opposing party committed fraud on the court. See Fed. R. Civ. P. 60(d)(3). See also In re Bressman, 874 F.3d at 149. The fraud on the court must be intentional, committed by an officer of the court, and directed at the court itself. See id. at 150. A finding of fraud on the court requires "egregious conduct," must be supported by "clear, unequivocal, and convincing evidence," and must actually deceive the court. Id. The misconduct must be

---

[1] The Appellee has filed a motion to dismiss the appeal for lack of jurisdiction because Pecina's "motion to declare" was an untimely motion for reconsideration of the District Court's March 21, 2017 order, and Pecina's notice of appeal was filed beyond the sixty-day period for appealing that decision. See Fed. R. App. P. 4(a)(1)(B). We disagree. Pecina's "motion to declare" alleged fraud on the court and is thus best construed as a motion invoking Rule 60(d)(3). The notice of appeal is timely with regard to the District Court's August 9, 2018 denial of that motion; the scope of our review is limited to that order.

sufficiently egregious to warrant a departure from the doctrine of res judicata and justify relief from a judgment.  See id. at 152-53.

Upon review, we discern no clear and convincing evidence of fraud on the court. Pecina argued in his motion to set aside the settlement that the Appellee unfairly and improperly presented a mixed-motive defense during mediation, despite failing to plead it as an affirmative defense under Federal Rule of Civil Procedure 8(c).  Pecina argued, "It is evident that the [Appellee's] timing of presenting the misleading stance of the nonexistent affirmative defense of mixed-motive was used as [a] bargaining tool to pressure and corner the Plaintiff."  Motion to Declare at 5.  Pecina also argued that the court mediator perpetuated the problem by presenting this defense position during the mediation session, and that Pecina's own counsel breached his fiduciary duty by failing to mount an effective counter-strategy.  See id. at 1-2.  However, at most, these allegations concern fraud against him, not directed at the court itself.[2]  See, e.g., In re Bressman, 874 F.3d at 145, 151 (describing attorney's affidavit to the court containing material misrepresentations concerning the amount of judgment owed, filed with intent to deceive the court).  Moreover, Pecina states in his brief that he was immediately aware that the Appellee had committed the alleged fraud during the settlement conference, and that that his attorney committed malpractice in convincing him to sign the settlement

---

[2] Rule 60(b)(3) allows a court to grant relief from a judgment based on fraud, misrepresentation, or misconduct by an opposing party.  To the extent that Pecina's motion could have been construed under Rule 60(b)(3), the motion was untimely, as it was filed more than one year following the settlement.  See Fed. R. Civ. P. 60(c)(1) (establishing deadline for specified Rule 60(b) motions as "no more than a year after the entry of the judgment or order or proceeding").

papers, anyway, before addressing his concerns to the District Court.  See Appellant's

Brief at 5.  If so, Pecina could not have obtained relief for fraud on the court where he

knew of the fraud at the time of settlement and before the entry of the stipulation of

dismissal.  See United States v. Sierra Pacific Industries, Inc., 862 F.3d 1157, 1168-69

(9th Cir. 2017) (relief for fraud on the court available only where the fraud was unknown

at the time of settlement or entry of judgment).  We conclude that the District Court acted

within its discretion in denying Pecina's motion to obtain relief from the settlement.

Accordingly, we will affirm.  The Appellee's motion to dismiss is denied.  The

Appellee's  motion to file a supplemental appendix is granted as to pages 1-290 only but

denied in all other respects.  The Appellant's motion to supplement the record is denied.

The Appellant's motion to correct the conclusion statement in his brief filed in reply to

the Appellee's response brief is granted.